IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| THOMAS SHAW, individually and on behalf of all others similarly situated, | § § § | |
| Plaintiffs, | § § | |
| V. | § § | 1-15-CV-884  RP |
| VOLKSWAGEN GROUP OF AMERICA, INC., | § § | |
| Defendant. | § § | |

### ORDER

Before the Court are Plaintiff's Emergency Motion to Enjoin and/or Temporarily Restrain Defendant From Improperly Communicating With Members of the Putative Class to Usurp Their Legal Rights, filed October 6, 2015 (Clerk's Dkt. #4); Volkswagen Group of America, Inc.'s Response to Plaintiff's Emergency Motion to Enjoin and/or Temporarily Restrain Defendant, filed October 8, 2015 (Doc. #7); and Plaintiff's First Amended Motion for Temporary Restraining Order, Preliminary Injunction and Request for VW to Post Bond, filed October 13, 2015 (Clerk's Dkt. #8).

This action arises from the recent disclosure by Volkswagen that it had engaged in conduct which resulted in the falsification of emissions testing for diesel-powered automobiles manufactured by Volkswagen.  By way of the motions, Plaintiff seeks to restrain Defendant from seeking broad legal releases from owners of affected vehicles who bring their cars to Volkswagen dealers for repairs to the emissions systems and/or who register with Volkswagen or its agents for such repairs.  Plaintiff also requests Defendant post a $78 million bond to secure potential income tax related charges which may flow from claiming of tax credits by owners of affected vehicles based on their purchase of an affected vehicle.  The Court conducted a hearing on the matters on this date.  Having considered the petition, response, record in the case, and the applicable law, the

Court is of the opinion that Plaintiff's request for a temporary restraining order and bond should be denied.  *See* FED. R. CIV. P. 65(b).

## II.

In order for this Court to issue a temporary restraining order, Plaintiff must establish: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury outweighs the threatened harm the injunction may cause the opposing party; and (4) the injunction will not disserve the public interest.  *Enrique Bernat F., S.A. v. Guadalajara, Inc.,* 210 F.3d 439, 442 (5th Cir. 2000).  Because a temporary restraining order is an extraordinary remedy, it will be granted only if the movant carries the burden of persuasion on all four factors.  *Allied Marketing Group, Inc. v. DCL Marketing, Inc.,* 878 F.2d 806, 809 (5th Cir. 1989).

## III.

Defendant in this case argues forcefully that Plaintiff has not shown any evidence that he, or any other putative class member, faces an actual threat of harm.  Grant of an injunction requires a showing of a likelihood of irreparable harm.  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 21-22 (2008) (rejecting position that preliminary injunction may be entered based only on possibility of irreparable harm, reiterating standard requires showing "irreparable injury is likely in the absence of an injunction").  Thus, the Fifth Circuit has made clear, that for an injunction to issue:

> Speculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant.  Thus, a preliminary injunction will not be issued simply to prevent the possibility of some remote future injury.  *A presently existing actual threat must be shown*.  However, the injury need not have been inflicted when application is made or be certain to occur; *a strong threat* of irreparable injury before trial is an adequate basis.

*United States v. Emerson*, 270 F.3d 203, 262 (5th Cir. 2001) (emphasis in original).  *See Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985) ("Speculative injury is not

sufficient [to make a clear showing of irreparable harm]; there must be more than an unfounded fear on the part of the applicant"). *See also Wis. Gas Co. v. Fed. Energy Regulatory Comm'n*, 758 F.2d 669, 674 (D.C. Cir. 1985) ("[Irreparable] injury must be both certain and great; it must be actual and not theoretical.").

Here, Plaintiff has provided no evidence that any one acting on behalf of Volkswagen has attempted any improper communication with him or any putative class member.  Nor has he provided any evidence to suggest Volkswagen, or any other automotive manufacturer, has ever conditioned repair of an automobile on waiver by the owner of his or her legal rights.  Rather, Plaintiff asks this Court to infer from Volkswagen's admissions of misconduct that Volkswagen is wholly unworthy of trust, and thus is likely to engage in improper conduct in the future.

The Court finds Plaintiff's argument to be nothing more than the type of unsupported speculation which the Fifth Circuit has rejected as a proper basis for granting immediate injunctive relief.  Plaintiff's request that Volkswagen post a $78 million bond to secure a wholly unsubstantiated threat of tax consequences allegedly facing Plaintiff and other putative class members fails for the same reasons.

IV.

Accordingly, it is therefore **ORDERED** that Plaintiff's Emergency Motion to Enjoin and/or Temporarily Restrain Defendant From Improperly Communicating With Members of the Putative Class to Usurp Their Legal Rights (Clerk's Dkt. #4) and Plaintiff's First Amended Motion for

Temporary Restraining Order, Preliminary Injunction and Request for VW to Post Bond (Clerk's

Dkt. #8) are **DENIED** in all respects.

      **SIGNED** on October 14, 2015.

ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE